**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5118**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JESSICA DENISE MORGAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (4:07-cr-00006-FL-1)

Submitted: June 13, 2008            Decided: July 14, 2008

Before GREGORY and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

William Woodward Webb, THE EDMISTEN & WEBB LAW FIRM, Raleigh, North Carolina, for Appellant. George Edward Bell Holding, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Kelly Michele Perry, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Jessica Denise Morgan pled guilty to aggravated identity theft, 18 U.S.C.A. § 1028A (West 2000 & Supp. 2008), and misuse of a social security number, 42 U.S.C.A. § 408(a)(7)(B) (West 2000 & Supp. 2008). On appeal, counsel has filed an <u>Anders</u>[*] brief, noting that Morgan waived the right to appeal her sentence. Counsel states that there are no meritorious issues for review, but claims that Morgan's 36-month sentence is excessive and unreasonable. Morgan was advised of her right to file a supplemental pro se brief, but did not file such a brief. The United States moves to dismiss the appeal based upon Morgan's waiver of her appellate rights. We affirm in part and dismiss in part.

A defendant may waive her right to appeal if that waiver is knowing and intelligent. <u>United States v. Amaya-Portillo</u>, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of the right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991). The question whether a defendant validly waived her right to appeal is a question of law that we review de novo. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005).

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

After reviewing the record, we conclude that Morgan knowingly and voluntarily waived the right to appeal her sentence. Moreover, the sentencing issue raised on appeal falls within the scope of that review. Under <u>Blick</u>, the issue is waived. <u>See</u> <u>id.</u> at 169-70. We therefore grant the motion to dismiss the appeal with respect to Morgan's sentence.

Although the waiver provision precludes our review of Morgan's sentence, the waiver does not preclude correction of any errors in Morgan's convictions that may be revealed pursuant to our <u>Anders</u> review. We have reviewed the entire record for any meritorious issues not covered by the waiver and have found none. Thus, we deny in part the motion to dismiss the appeal and affirm Morgan's convictions.

We affirm Morgan's convictions and dismiss the appeal of her sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requires that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART